### SUMMERS *v.* CHICAGO, S. F. & C. RY. CO.

*(Circuit Court, E. D. Missouri, N. D.   December 7, 1891.)*

In Equity. Suit by James W. Summers against the Chicago, Santa Fe & California Railway Company to recover for grading defendant's road.

*F. T. Hughes* and *C. B. Matlock,* for plaintiff.

*Gardiner Lathrop, Ben Eli Guthrie,* and *T. L. Montgomery,* for defendant.

THAYER, District Judge. What has been said in deciding the *Lewis Case,* 49 Fed. Rep. 708, is applicable in a measure to this case. The contracts involved in the two cases are practically the same, but the work done by Summers was done 65 miles west of the Lewis, Wood & Penny work, and, as a whole, appears to have been of a less difficult and expensive character. The total amount of material taken from all the cuts on the six sections of the road constructed by Summers was only about 22 per cent. of the gross amount taken from the cuts on the five sections constructed by Lewis, Wood & Penny in Missouri. A very considerable portion of Summers' work was in the valley of the Chariton river, and the court is satisfied that the bulk of the material handled was much easier to move than on the Lewis, Wood & Penny sections. The court had the advantage of hearing all of the oral testimony in this case, and it will suffice to say that it created a very strong impression that Mr. Summers' work was liberally estimated under any construction of the contract. That impression has been confirmed by a careful perusal of the testimony since the case was argued. It is true that the division engineer in charge of this portion of the work construed the "plowing test" as applicable to hardpan, cemented gravel, etc.; but that is not an adequate reason for disturbing the final estimate, unless the plaintiff sustained some injury. If the test actually applied gave him all the loose-rock classification that he was fairly entitled to, the estimate should not be disturbed. At the conclusion of the work, and evidently with a full knowledge of all the facts, Mr. Summers

expressed himself as well pleased with the manner in which he had been treated by the engineers. He also stated, in substance, that there was not much material on his portion of the road, entitling him to loose-rock classification, and that he had made a very considerable sum (either $10,000 or $16,-000) out of the contract. This, in itself, is very persuasive evidence that plaintiff sustained no injury by reason of the misconstruction of the contract. Taken in connection with all the other testimony in the case tending to show the character of the material, how it was handled, and the amount of loose rock actually estimated and paid for, it has served to convince the court that the recovery in this case should be limited to the sum admitted to be due and already paid into court. Judgment may be entered for that amount, with costs up to the time the money was deposited with the clerk. Subsequent costs will be taxed against the plaintiff.